

## Supreme Court
### STATE OF LOUISIANA
#### New Orleans

CHIEF    JUSTICE
JOHN L. WEIMER          Sixth District
JUSTICES
WILLIAM J. CRAIN          First District
SCOTT J. CRICHTON        Second District
JAMES T. GENOVESE        Third District
JAY B. MCCALLUM          Fourth District
JEFFERSON D. HUGHES III  Fifth District
PIPER D. GRIFFIN         Seventh District

VERONICA O. KOCLANES
CLERK OF COURT

400 Royal St., Suite 4200
NEW ORLEANS, LA  70130-8102

TELEPHONE (504) 310-2300
HOME PAGE  http://www.lasc.org

February 18, 2022

> RECEIVED
> FEB 22 2022
> U.S. DISTRICT COURT
> MIDDLE DISTRICT OF LOUISIANA
> DEPUTY CLERK

no pending cases

Hon. Scott S. Harris
Clerk, U.S. Supreme Court
Office of the Clerk
1 First Street, NE
Washington, D.C. 20543

Re:    *In Re:  Lynn Plaisance Johnson*
       Louisiana Bar Roll no. 20330
       La. Supreme Court docket no. 2021-B-01580

Dear Mr. Harris:

Enclosed please find a copy of the decision rendered by this Court in the above-entitled matter, which is self-explanatory. The case became final in this Court on **February 9, 2022.**

With kindest regards, I remain,

Very truly yours,

Veronica O. Koclanes
Clerk of Court

By:    Theresa McCarthy
       Deputy Clerk

TM:pal
Enclosure
ccs:    Hon. Lyle W. Cayce, Clerk,                    Hon. Rodd Naquin
        U.S. Court of Appeals, Fifth Circuit          Clerk, 1st Circuit Ct. Of Appeal
        Carol Michel, Clerk, USDC, Eastern District   Hon. Robin Norman Jones
        Hon. Michael McConnell, Clerk, USDC, Middle District  Clerk, 2nd Circuit Ct. Of Appeal
        Hon. Tony R. Moore, USDC, Western Dist.       Hon. Renee Simien
        Charles B. Plattsmier, Disciplinary Counsel   Clerk, 3rd Circuit Ct. Of Appeal
        Michelle LaRose, Director of Finance, LSBA    Hon. Justin I. Woods
        Donna Roberts, Administrator, Disciplinary Board  Clerk, 4th Circuit Ct. Of Appeal
        U.S. Surface Transportation Board             Hon. Curtis Pursell
        Regional Director, IRS                        Clerk, 5th Circuit Ct. Of Appeal
        Sandra Vujnovich, Judicial Administrator
        Scott T. Morris, Off. of General Counsel, Social Security Administration
        Cynthia Cotton, Notarial Division, Secretary of State Office
        Sheral Kellar, Asst. Secretary, Off. of Wrkrs. Comp. Admin.

# The Supreme Court of the State of Louisiana

**IN RE: LYNN PLAISANCE JOHNSON**

No. 2021-B-01580

------

IN RE: Disciplinary Counsel - Applicant Other; Notice of Discipline in Another Jurisdiction Pursuant to Rule XIX, Section 21 and Motion to Initiate Reciprocal Discipline Proceedings;

------

**January 26, 2022**

Reciprocal discipline imposed. See per curiam.

JBM

JLW

JDH

SJC

JTG

WJC

PDG

Supreme Court of Louisiana
January 26, 2022

_Katie Marjanouuc_

Chief Deputy Clerk of Court
For the Court

01/26/22

SUPREME COURT OF LOUISIANA

NO. 2021-B-1580

IN RE: LYNN PLAISANCE JOHNSON

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM

This matter arises from a Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel ("ODC") against respondent, Lynn Plaisance Johnson,[1] an attorney licensed to practice law in Louisiana and Missouri, based upon discipline imposed by the Supreme Court of Missouri.

**UNDERLYING FACTS AND PROCEDURAL HISTORY**

On October 13, 2021, the Supreme Court of Missouri disbarred respondent for violating the following provisions of the Missouri Rules of Professional Conduct: Rules 4-1.1 (competence), 4-1.3 (diligence), 4-1.4 (communication), 4-1.5 (fees), 4-1.15(a)(c) (safekeeping property), 4-1.16(d) (declining or terminating representation), 4-3.4(c) (duties to opposing party and counsel and ethical obligation to follow court orders and rules), 4-4.4(a) (respect for rights of third persons), 4-8.1(c) (failure to cooperate in a disciplinary investigation), 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 4-8.4(d) (engaging in conduct prejudicial to the administration of justice).[2] *In re: Lynn*

---

[1] In 2015, this court imposed reciprocal discipline upon respondent in the form of a public reprimand based on discipline imposed by the Supreme Court of Missouri in 2014. *In re: Johnson*, 15-0203 (La. 4/10/15), 164 So. 3d 826.

[2] The details of respondent's misconduct are not set forth in the court's order.

*Plaisance Johnson*, Supreme Court of Missouri Docket No.: SC99241; MBE #
44073.

     After receiving notice of the Missouri order of discipline, the ODC filed a
motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to
Supreme Court Rule XIX, § 21. A certified copy of the decision issued by the
Supreme Court of Missouri was attached to the motion. On October 29, 2021, this
court rendered an order giving respondent thirty days to demonstrate why the
imposition of identical discipline in this state would be unwarranted. Respondent
failed to file any response in this court.

## DISCUSSION

     The standard for imposition of discipline on a reciprocal basis is set forth in
Supreme Court Rule XIX, § 21(D). That rule provides:

> Discipline to be Imposed. Upon the expiration of thirty
> days from service of the notice pursuant to the provisions
> of paragraph B, this court shall impose the identical
> discipline ... unless disciplinary counsel or the lawyer
> demonstrates, or this court finds that it clearly appears
> upon the face of the record from which the discipline is
> predicated, that:
>
> (1) The procedure was so lacking in notice or opportunity
>     to be heard as to constitute a deprivation of due
>     process; or
> (2) Based on the record created by the jurisdiction that
>     imposed the discipline, there was such infirmity of
>     proof establishing the misconduct as to give rise to the
>     clear conviction that the court could not, consistent
>     with its duty, accept as final the conclusion on that
>     subject; or
> (3) The imposition of the same discipline by the court
>     would result in grave injustice or be offensive to the
>     public policy of the jurisdiction; or
> (4) The misconduct established warrants substantially
>     different discipline in this state; ...
>
> If this court determines that any of those elements exists,
> this court shall enter such other order as it deems
> appropriate. The burden is on the party seeking different

2

discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.

In the instant case, respondent has made no showing of infirmities in the Missouri proceeding, nor do we discern any from our review of the record. Furthermore, we feel there is no reason to deviate from the sanction imposed in Missouri, as only under **extraordinary circumstances** should there be a significant variance from the sanction imposed by the other jurisdiction. *In re: Aulston*, 05-1546 (La. 1/13/06), 918 So. 2d 461. *See also In re Zdravkovich*, 831 A. 2d 964, 968-69 (D.C. 2003) ("there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority").

Under these circumstances, it is appropriate to defer to the Missouri judgment imposing discipline upon respondent. Accordingly, we will impose reciprocal discipline in the form of disbarment.

## DECREE

Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Lynn Plaisance Johnson, Louisiana Bar Roll number 20330, be and she hereby is disbarred. Her name shall be stricken from the roll of attorneys, and her license to practice law in the State of Louisiana shall be revoked.